U.S. Attorney General, et al. Ms. Murphy Johnson for the Amicus Curiae, Mr. Fathom Roth for the Appelese. Good morning. Good morning. May it please the Court. The petition in this case involves several issues, and this morning I would like to focus on the question that the Court asked us to address. That is whether a without prejudice dismissal for failure to state a claim rises to the level of a strike for purposes of Section 1915G of the Prison Litigation Reform Act. Take the following hypothetical. A prisoner files a claim in federal court, and the prisoner includes in his complaint facts to support his claims. On a motion to dismiss, the District Court concludes that the prisoner has failed to state a claim only because he has failed to include facts sufficient to meet the Supreme Court's requirements at Nickball and Twombly. So the District Court dismisses the complaint without prejudice and expressly invites the prisoner to file an amended complaint, which the prisoner then does. On a second motion to dismiss, the District Court finds that the prisoner has succeeded in passing over the federal court's threshold for pleading, and the case proceeds to discovery. Under the government's reading of Section 1915G, the District Court's initial dismissal in that case constitutes a strike under the PLRA. Even in a case that proceeds to discovery, and ultimately even if the case succeeds on its merits, and if the prisoner... So that's the... I get that hypothetical, and that presents perhaps a more difficult issue. And I don't know which way... Let's just say the premise of the question is I don't know which way that should come out. But in this case, I know the district judge in New York styled it as a dismissal without prejudice. But it's also clear that the action couldn't be refiled in that court. That without prejudice meant you can go to state court to file, you know, whatever the FOIL... Is that what it's called? The FOIL action in state court. But one thing you can't do ever again here, in this case or ever again, is file Section 1983 action seeking this relief. And that seems different from a case in which somebody says you've got some factual allegations you need to clean up. If you clean those up, and you're able to do it in good faith, and you present a new complaint, then I'll let you go forward. Here, it was definitive on the Section 1983 claim. That's over. You can never file that again. And under the Supreme Court's decision in Semtec v. Lockheed, which both parties cite, what an adjudication upon the merits of dismissal with prejudice means is you can't ever come back to this court. We're not going to talk about what you can do in other courts. That's governed by a different body of law. But you can't ever come back to this court. So why isn't this case disposed of on that rationale? Because I believe that the Northern District of New York fulfilled its obligation to construe the Pro Se complaint liberally. And it saw that while Mr. Lederes attempted to bring his FOIL claim under the auspices of Section 1983, that there really was, at the heart of it, a state law claim. And so the Northern District of New York wasn't saying … The district court explicitly talks of the FOIL claim and what he's doing with the FOIL claim. Correct. Right? The district court explicitly says, I construe this as a state law FOIL claim. And so I think that's why this is distinguishable. The Northern District of New York saw that there was potential merit in that FOIL claim and just thought it's better off in state court. It doesn't belong here. Well, I don't understand why that's distinguished. Because suppose you have a situation in which a plaintiff files a complaint and says, I'm filing a Section 1983 action. Okay? I'm just doing that. And you're telling me I can't file that in this court. I have to go to state court to file a FOIL action. Well, I want a resolution of my 1983 action because I think I can bring a 1983 action. And then the district court says, you can't. You lose. Your 1983 action is dismissed. Maybe he or she even says it's dismissed with prejudice. But it's without prejudice to your seeking a FOIL claim in state court. Let's just assume that's the situation, that the plaintiff actually says, I want a resolution of my 1983 action. I styled it as a 1983 action. I want that. And the district court says, dismissed with prejudice as to your 1983 action because you can't ever bring that here again. But, of course, you can go to state court and bring a FOIL action. Would you say that that's a strike? I think in that case, if the district court did not expressly construe the complaint to state a state law FOIL claim, then yes. And then it seems like that's kind of what the district court did here. And then what we're talking about is, did the district court, you know, sort of try to help the plaintiff in a way, but do it in a way that unfortunately results in a strike because the district court construed it as a 1983 action and says, you're out of luck on a 1983 action, which is a merits disposition on the 1983 action. So taking a step back, I think that this court has said, I believe in Thompson, and that you have to take the court's order of dismissal at face value. And so while it might be that the Northern District of New York meant to do one thing or another, the order says without prejudice. And so I think that this court needs to, in this case, give that full credit. But don't we know that when it said without prejudice, it meant without prejudice to bringing a state law action in state court. It specifically said without leave to replete in this action also. And what it meant, obviously, by without leave to replete in this action, is you can't ever come back to this court with a 1983 claim because, for all the reasons I explained in my order, that's just not cognizable in federal court. Right. But I guess for purposes of the PLRA, I'm not sure why that matters. There's still a state claim that the court has construed to exist in the complaint. And just like in Four Star, for example, there was a state law claim appended to the complaint. And just because a state law claim is there and is – that doesn't determine whether or not a strike can be assessed. It depends on whether you think that – and I think there's an argument that we should read it that way. I understand that. But it depends on whether you think – I see both a 1983 action and state law claims. The 1983 action is this because that's not cognizable in federal court. Your state law claims, basically I'm letting you go forward in state court with those. That starts to look a lot like Four Star. Right. I grant that. But if what the district court says is all I see is a 1983 action, it purports to raise FOIL claims through a 1983 action, that's just dismissed. Now, you've raised FOIL. You can take a FOIL claim and file it in state court. That's entirely up to you. You can do that if you'd like. I'm not seeing that in this complaint. But you've cited FOIL, and you can go and do that in state court if you'd like. It seems like there would be a pretty marked distinction between those two situations. Yeah, and I think the distinction here, again, is that the district court expressly said, construing this complaint liberally, it states a state law FOIL claim. That's the way you read it? Okay. Yes. So if I may then turn to the statute. And in relevant part, as we've sort of already discussed, the PLRA counts as a strike the dismissal of an action or appeal on the grounds that the action as a whole is frivolous, malicious, or fails to state a claim upon which relief may be granted. And as we all know, the phrase fails to state a claim upon which relief may be granted originates in Rule 12b-6. And it's well understood that as used in Rule 12b-6, that phrase, without further explanation, means a dismissal with prejudice. This court held as much in Okusami and reiterated that in Rollins. And, in fact, Judge Kavanaugh's concurrence in Rollins explained it really quite eloquently and said a district court order that dismisses a case under Rule 12b-6 without stating whether it is with or without prejudice operates as a dismissal with prejudice. And so when Congress borrowed that very language from Rule 12b-6 and used it in the PLRA, it must be assumed that Congress knew what that phrase meant and intended that phrase to have its ordinary meaning. And we know that from cases from the... I read this argument in your brief, and I was a little bit confused by it because the statute says a dismissal for failure to state a claim upon which relief can be granted is a strike. Correct. And under 12b-6, we know that that can happen either with or without prejudice. Right. It can happen either way. I think I take your point that the default assumption is that it's with prejudice unless it's denominated without prejudice, but it can happen either way. Either way, it's still a dismissal for failure to state a claim upon which relief can be granted. So based on the plain text, it seems like if we take you up on your invitation to construe the statute by reference to 12b-6 and we assume that Congress would have done the same, then what Congress did is it said a 12b-6 dismissal is a strike. And everybody understood at that time, as everybody understands now, that a 12b-6 dismissal, which is a dismissal for failure to state a claim upon which relief can be granted, can be either with prejudice or without prejudice. So why doesn't that argument you're making now actually cut against you? That's what I'm not quite following. A Rule 12b-6 dismissal ordinarily operates as a dismissal with prejudice. So unless you say anything else, if you just say dismiss for failure to state a claim, that operates with prejudice. So when a court expressly goes out of its way to say I am dismissing this claim without prejudice, it takes it outside of that language and therefore takes it outside of the statute. It's still a 12b-6 dismissal. It keeps it within the language of 12b-6 and within the language of the statute. Well, I think that's really the key issue for this court is whether this body of law surrounding 12b-6 and the with prejudice and without prejudice distinction carried over to the Free Strikes Rule. And, of course, we think that it does for the reasons that we've explained in our case. I think I'm missing something because I think I agree with you. I think I agree with you that it does carry over. Okay. And I guess what I don't understand is what it seems to me carries over is what's in 12b-6, which is that both a dismissal for failure to state a claim with prejudice and a dismissal for failure to state a claim without prejudice are dismissals for failure to state a claim. So both of those are encompassed within that language in the rule, and by your principle of carrying over, which I'll agree with for purposes of this question, that carried over to the statute too. So the statutory language covers dismissals for failure to state a claim upon which relief can be granted, whether it's with or without prejudice because that's also covered by 12b-6. I agree, of course, that 12b-6 can cover both situations. But the extra twist is unless you say anything else, it is assumed to be a dismissal with prejudice. I agree with that. And it's only when you say without prejudice that it is outside that norm. I agree with that too, but I don't understand how that helps you. That's what I'm missing. Why does that help you?  Because when a court in the context of the PLRA says that this is dismissed without prejudice, it's not within the confines of the language of the three strikes rule anymore. It's no longer a strike rule. But you're really saying that there's an ambiguity in failure to state a claim. So it can mean both with prejudice and without. Or it can, and indeed that's the default interpretation, means with prejudice. Interpreting it in this context as with prejudice only best fits the congressional purpose in 1915G. Absolutely. And Congress, of course, as this court has held many times, wanted to stem the tide of abusive prisoner litigation. That's certainly true. But it also very clearly wanted to allow meritorious prisoner claims to go forward. Judge Hatch, or excuse me, Senator Hatch said as much on the Senate floor. And Chief Justice Roberts said in Jones, Congress sought to filter out the bad claims and facilitate consideration of the good. So it stands to reason that Congress did not intend for a potentially meritorious, but in my hypothetical, inartfully pled claim to count as a strike. But Congress spoke clearly when it said that if an action is dismissed for failure to state a claim, it's a strike. I mean, what normally happens in district court shouldn't be lost here. I mean, ordinarily, if the district court has a complaint that's not properly pled, and there's either a motion to dismiss made or the court won its own motion, observes that. They don't dismiss the case. They dismiss that complaint and give the plaintiff an opportunity to file an amended complaint within 30 days, 60 days, some period of time. And then if they either don't act or they file another deficient complaint, then at that point, the case is dismissed, usually with prejudice. But so the district court, ordinarily, if they're going to dismiss the action for failure to state a claim, it's because they don't believe, the court doesn't believe that there's any hope for this complaint, basically. And so if that's done, why isn't that really a strike? Because there the court is making clear, you know, this case is over. I think in that context, of course, if the court says this case as a whole is dismissed for failure to state a claim, as I've been trying very unsuccessfully to explain, that is presumed to be with prejudice. That's what Rule 41B says. And so when a court gets to that point and believes that the claim has no future and that amendment would be futile, that's entirely appropriate, of course. But in a scenario where the claims and the complaint still have a chance and they dismiss without prejudice. But I think it's a little different when the only chance is elsewhere. Because I think what this court, let's just assume the district court was very detailed in its order. And what it said was, this action, as Judge Wilkinson points out, it's different from dismissing a complaint. It's dismissing the action. This action is dismissed because there's no way to replead this in federal court and bring it. So it's dismissed with prejudice to that extent. It's without prejudice to your ability to bring some other action in state court. Let's just say that's what was said in the order. Then I think even by your argument, you'd agree that that's a strike. Yes. Right. And so isn't that effectively what happened? That seems like that's what the order says happened. And then the – I mean, I'm sorry, the opinion says happened. And then the order just encapsulated what the opinion reasoned. Well, I think to go back again to our discussion of what the New York District Court said, is that it also construed it to encapsulate a state law claim. So they seem to be two different arguments you're making. Yeah. So that's an argument that says this is just the same thing as four-star. Because really they're state law complaints and state law claims in there. And what the district judge was really saying was those state law claims, I'm not doing anything with those. You still have to dismiss them. Right. Because you still have to end your resolution. Right. And essentially I'm not going to exercise jurisdiction over them. Right. If that's true, then that's four-star and four-star governs. One question about that is the dismissal is for failure to state a claim. If you dismiss state law claims that are in the case without prejudice to bring those state law claims in state court, you wouldn't be dismissing them for failure to state a claim. Right. Perhaps, again, this is the problem. We don't know what the New York court was thinking. So we have to take its order at face value. But perhaps the court thought that it in theory states a state law FOIL claim. Perhaps it doesn't state it perfectly yet. Go to state court. And so perhaps it meant I see that you're trying to state a state law FOIL claim. And you haven't even under 12b-6 exactly made out that claim yet. But I'm going to dismiss that claim without prejudice so that you can fix it in state court. But would it usually when, for example, in four-star and other situations in which a district court decides not to treat with state law claims under supplemental jurisdiction because it deals with the federal claims and it says there's still state law claims pending, I'm going to let those go forward in state court, still has to enter a dismissal because it has to resolve the case. But I don't think the dismissal is ever denominated. It's a dismissal for failure to state a claim because the court's doing the opposite. It's not dismissing for failure to state a claim. It's saying I'm not resolving the claim. I'm just dismissing. That's the problem here. Technically, isn't it a dismissal under 12b-1? I mean the court didn't invoke that. But the only objection to the state law claim, it was a matter of jurisdiction. And, of course, the judge had the option that was taken by the courts below and the courts anterior in four-star of saying what they said. But technically, the correct reading of what it did with respect to the state law claim has got to be under 12b-1. I mean it's not. It's failure to state a claim that has independent federal jurisdiction. Right. And I would certainly welcome that interpretation because then four-star would govern. It would definitely govern, yeah. I guess that seems like then that deals with the antecedent question of whether the district court thought that there were state law claims in the complaint. Because if the district court thought that there were state law claims in the complaint, then that's four-star. The record is clear on that. Yeah, and I agree with you, Judge Williams. I believe the record is quite clear as well. Where is that? Where is it clear? So it's mostly clear in the first order. I think it's at Supplemental Appendix 43. And as well as, yes, you're exactly right, Judge Wilkins. At Supplemental Appendix 43, it says, Construed liberally, plaintiff alleges the following causes of action. One, a FOIL claim. A FOIL claim. Okay. And he's not, it's, I'm not sure about that because that language is useful certainly for you. But it seems like what he's really saying is it's a 1983 action. And you're seeking to vindicate FOIL through 1983. That's your FOIL claim. But I take your point that you could also say that that's a state law FOIL claim. If you go further, I'm sorry to interrupt. If you look also at Supplemental Appendix 45. Yeah. I think there it also makes it more clear where the court expressly says the appropriate vehicle for challenging denials of access guaranteed by FOIL is a state court proceeding. That's definitely true, but. So I see that as the court saying, you've alleged a FOIL claim. And that's, the appropriate vehicle is not Section 1983. Your appropriate vehicle is a state court. Yeah. I see that. It's a little complicated because on 44, you see it says, Number 2, FOIL. Plaintiff brings this action pursuant to Section 1983. Right. And then it looks like what the district court is saying, this is a 1983 action that's seeking to vindicate FOIL rights. And I think, I take your point that you could say, well, whatever is going on technically, fundamentally what was really happening is this is a FOIL claim. Correct. And then it just dovetails into 4. But there are a number of other places in the record where the judge speaks of an independent FOIL claim, particularly in the July 8, 2014, order and opinion. Right. And there he calls it, again, a FOIL claim. Well, how are we supposed to, I mean, we have an obligation to interpret the district court orders. Are we supposed to try to determine, I guess, the intent of the district court? Are we trying to really rely on the effect of the district court? Here's a hypothetical. Because there's case law that says that dismissals for failure to prosecute aren't a strike, right? So plaintiff files a complaint. The district court dismisses the complaint, but not the case, for failure to state a claim and says, replead within 60 days. Plaintiff does it, and so the district court dismisses the case and says, I'm dismissing it for failure to prosecute with prejudice. You would say that's not a strike under that case law, right? Correct. Same thing happens, but instead the district court words it, this case is dismissed with prejudice because the plaintiff didn't do what I asked him to do. So ordered. So that's now a strike because the district court is giving effect to its earlier dismissal for failure to state a claim? I think that this court could very reasonably interpret that as also to be a dismissal for failure to prosecute, especially when the court didn't say one way or the other in its second order what it was doing. And I also think, especially in pro se prisoner cases, that would be the much more fair way to handle it without the prisoner having any notice that the failure to prosecute could then turn into a strike. Well, what if in the first order the court said, if you don't file a corrected complaint within 60 days, this case will be dismissed with prejudice. And it doesn't say? And it will be a strike for PLRA purposes. Well, we know that you can't just declare a strike to be a strike. But I take your point that he's giving the prisoner notice. He's on notice. Okay. I think that still falls within the failure to prosecute category. I don't know that if you have an order saying, I dismiss for failure to state a claim but I'm allowing you to amend and the prisoner doesn't amend, I still don't see how that can then just automatically turn into, unless the court says, I'm now dismissing for failure to state a claim with prejudice. But what other reason is there for the court to be dismissing the case, right? If it were a valid complaint, the court couldn't just dismiss the case. The court dismissed the case because the complaint didn't state a claim. Right. So that's ultimately the reason why the case is being dismissed. I think, again, I would just have to argue that it still falls within the failure to prosecute category. It seems like one way to think about it is that with prejudice, without prejudice, language matters because under Rule 41 and under Rule 59E, I think the whole reason we have motions to amend or alter the judgment is because the original derivation was that there was an effort made to switch a particular judgment from with prejudice to without prejudice, and that's what gave rise to Rule 59. So the district court's precise denomination of with prejudice or without prejudice is something that matters. The question of whether the dismissal is one for failure to state a claim, that's one maybe that can be looked at, regardless of what is precisely articulated. Right. I would agree with that. Look behind and figure out whether substantively it's in fact a dismissal for failure to state a claim of the kind that the statute cares about. Or a dismissal or a declination to exercise supplemental jurisdiction. Right. I see that I've gone way over my time. Thank you. We'll give you some rebuttal time. Good morning. May it please the Court, Peter Fafner for the government. In the hypo that opposing counsel put forward, I don't agree with the basic premise, which is that the initial invitation to the plaintiff to amend, although the initial complaint did not state a claim, that that could somehow be deemed to count as a strike. That's not possibly the case under the Supreme Court's decision in Coleman, nor under the text of the statute that the Supreme Court was interpreting there, section 1915. The decision in Coleman at 135 Supreme Court, 1763, specifically talks about how section 1915 is construing actions. And so unless the initial order dismissed the whole case for failure to state a claim, that wouldn't be a strike. And that similarly is the issue that in Amicus's reply they say, oh, well, now the government's talking about the June order. Shouldn't the June order, under the government's view, be a strike too? And no, that's not our position. The reason we included the June order is because it's referenced back from the July order, since the main treatment of the FOIL claim occurs in the June order. But the entire action was not dismissed in the June order. To the contrary, it's exactly the hypo that Judge Wilkins was talking about. It was an invitation to come back, try again, see if you can plead, these other two claims that it was like the 14th Amendment and equal protection claims. And the plaintiff did come back and try again, and those failed as well. And then the district court said, I stand by everything I said before. I'm dismissing the whole action in its entirety for failure to state a claim. So that's the July order. So then in the July order, what's wrong with looking at it in the way in which your colleague on the other side was suggesting, which is that it's not just the dismissal of a 1983 action. What was really going on was it was described as a 1983 action to some extent, sort of almost as a benefit to the plaintiff. But really what's going on is it's an effort to bring a state law claim. And that state law claim is being dismissed, of course, because you can't bring a state law claim in federal court, and without any prejudice to bringing the state law claim in state court. So it functionally becomes the same thing as four-star. I understand the argument. I don't agree with it. If one actually, if you read closely the June order, which, again, is where the main treatment of this all occurs, the district court is quite clear that the plaintiff has not actually pled. It's being very generous in the way that courts appropriately are towards pro se complaints. But the plaintiff is trying to plead a 1983 constitutional action that hinges upon a FOIL violation. That's the way the Second Circuit also understood it. Order, an opinion, memorandum. The court has singled out the FOIL claim as an independent, freestanding claim. And, yeah, I mean, let me read you the words. Order. That plaintiff's FOIL claim is dismissed without prejudice pursuant to 1983 for failure to state a claim upon which relief can be granted under Section 1983 but without leave to replead this action. So, I mean, you may say the court is being charitable to the plaintiff in splitting out the FOIL claim as a freestanding claim. But it is. I mean, it recognizes the FOIL claim as being there. And so I don't.  Your recharacterization of it is not consistent with the record. I don't. I mean, obviously the court can understand the New York court's decision better than I can. I don't read either the complaint nor the district court's decision as definitively stating that there's actually a FOIL claim. You know, a standard FOIL-like claim saying, oh, well, you guys didn't timely respond. You didn't give me my records. You know, this exemption was improper. To the contrary, what Mr. Lattieris is trying to do here is to state constitutional claims, saying you're keeping me from going to court because you're not giving me these documents. And the court repeatedly, in a variety of contexts, keeps saying the FOIL claim is really the 1983 claim that he has pled. And fine, maybe he could go to a state court and say, you know what? Actually, really what I want is I just want the documents. And he could do that. But that's not something which was pled in the suit, and that's not, and therefore, the district court was being very clear that there is no federal claim for that under 1983. Right. Very clear on that. So that takes us to the question of to what degree it parallels Four Star. And I take it you would not disagree that in substance, it's not in form, it's identical with Four Star. In other words, it's refusing to exercise supplemental jurisdiction over this FOIL claim. I think it goes a step further, Your Honor, because in Four Star what happened was the plaintiff had actually pled state law claims. Here, Mr. Ladieres does not show any indication he actually wants to pursue a FOIL claim. Well, he evidently showed it to the district court. And I'm not sure why we shouldn't honor the district court's reading. I agree with you. If the district court had said simply, this is a 1983 claim, it's a loser, dismissed with prejudice, no problem. The fact that there was sort of a lurking, unrecognized state law claim would make no difference. But that's not at all what the district court did. An additional response, Your Honor, is under this court's decision in Thompson, and there are decisions from other courts all over the country that emphasize that the point of the PLRA 3 strikes litigation, or provision rather, is not to induce re-adjudication of what happened before. Before we go there, it seems like part of the dialogue that's going on has to do with the conceptual question of what's a cause of action and what's a claim. Right. Because I don't know that there is such a thing as a 1983 claim. 1983 is a cause of action under which you litigate other things. So you can bring a Fourth Amendment claim under 1983. You can bring a Fourteenth Amendment claim under 1983. You can bring a FOIL claim under 1983. So in some sense, 1983 is the action through which you litigate some substantive right to which you believe you're entitled. FOIL could be one of them. So in that sense, to say that the FOIL claim is dismissed is to dismiss the 1983 cause of action through which the FOIL claim was seeking to be litigated. But that still doesn't ultimately dispose of it necessarily in your favor, it seems to me, because there's still a question of whether at the end of the day it's functionally so close to four-star that we ought to just treat it as four-star. Even if the way the district court construed the complaint fairly read is that this is a 1983 action to vindicate FOIL rights. There's no such thing as FOIL rights in federal court. So you can't bring a 1983 action here. You've got to go to state court. Your 1983 action, which is the only thing I'm seeing parenthetically to vindicate FOIL rights, is over. It still seems like functionally what's going on is you're saying, well, yeah, you're trying to vindicate a state claim through a federal cause of action. Is there really a meaningful distinction between vindicating a state claim through a federal cause of action and bringing the state cause of action itself? Either way, what we're telling you is go to state court to vindicate that state right. I read the district court as saying, you haven't indicated in this action, including when given the opportunity to amend, which did not really encompass the FOIL claim, but nonetheless, you know, the guy was permitted the opportunity to provide an amendment, and, in fact, his amendment went broader than what the district court had envisioned. He still didn't somehow try to state, for instance, a true FOIL claim over which the district court might have exercised, for instance, supplemental jurisdiction. Instead, the amended complaint continues on this 1983 angle, which, as the court recognized, and as, frankly, both the Second Circuit and the Northern District recognized, does not exist. But, you know, if the plaintiff had sought to, through his amendment, say, you know what, actually I'm trying to get supplemental jurisdiction, without using those artful lawyerly words, over the denial of these records, and I want the records. I want injunctive relief to compel the state attorney general to turn these papers over. Then we would see a different case. But that's not what happened here. Well, why should there be such a fundamental distinction? Because it just seems like everything turns on than the happenstance of the way the district court articulates a few words in an order, as opposed to the substance of what's really going on. Because I don't think that, for example, I don't think it has to even necessarily be supplemental jurisdiction. Suppose what the district court says is this. I see that you're talking about FOIL all over your complaint. You're litigating it through a 1983 cause of action. But I think what you're really trying to do is raise a FOIL claim in federal court, a FOIL cause of action in federal court. Put it that way. You're litigating it through a 1983 action, but I think what you're really trying to do is litigate a FOIL action in federal court. You can't do that. The FOIL action is dismissed. You're not trying to assert supplemental jurisdiction. You never cited 1367. It's not a supplemental jurisdiction case. You're just trying to bring a FOIL action. You can't do that. It's dismissed. Even though the district court wouldn't have discussed it in terms of supplemental jurisdiction, it still seems like we'd say in that situation that's pretty much four square with four. Actually, I didn't mean to say four square with four star, but it sounded good, so I'll say it. It's pretty much four square with four star. Even though supplemental jurisdiction wouldn't even have entered the field of vision, we'd still treat it the same. Then the question becomes is it that much of a leap if we're going to treat that the same to say, well, this is the same too, because the court easily could have been saying that. There's no real substantive difference between saying that and saying what it did. At the end of the day, what's going on is you tried to bring a FOIL action in federal court. You can't do that. You've got to go to state court, and everything else that you brought federally is dismissed. Then it's four star. That was a long soliloquy, but do you understand what I'm saying? No, I understand exactly what you're saying, and respectfully, I think Thompson and footnote two at the end of the four star decision make quite clear that this court's role is not, and the district court's role, frankly, where it's dealing in volume with these kinds of cases, and hopefully quickly because the whole point of the PLRA is to conserve court resources, is not to have to re-adjudicate the entirety of some prior litigation. On the face of this case, it satisfies the requirements for section 1915G. When are you getting out of footnote two? I mean, it says the later district court may not re-litigate the underlying merits of the past dismissals. Nobody's talking about doing that here. Right? Where are we? Which footnote are we looking at? Footnote two on page 11. It's slip of pinion page 10, footnote two at the very end of the four star decision. Oh, four star. And, I mean, obviously four star is just restating what this court talked about in greater length in Thompson, which is that the PLRA does not involve re-adjudication, re-litigation of issues. But it doesn't get us out of the issue of fitting what the district court did into the language of Congress. Certainly the court needs to try to interpret whether the statutory language covers the circumstances, obviously. But the question is what is re-litigation of the underlying merits of those dismissals? If you read the words on the page of the Northern District of New York decisions, they satisfy the statutory provision. So in that sense it does get you out. Are you – you think the language, dismiss for failure to state a claim, must be read as including with and without prejudice? I do. And notwithstanding that – oh, let's just take that. Suppose the court does that without prejudice. The plaintiff amends the complaint and wins, right, on the second shot in that case. Is the disposition of the – the initial disposition of the complaint a strike? With regard to future litigation, obviously. So he doesn't have to worry about it for this claim. Right. So to be clear, Your Honor, in your hypo, is the first dismissal a dismissal of the whole action? You may have said that and I may not have heard it. I didn't specify, but let's assume it is. Okay. In that case, if he then comes back to court, files a new complaint, it is a strike. Then it can't be an amended complaint, right? It has to be a new complaint. It would be a new complaint. If it's a dismissal of the action, it has to be a new complaint. The only way you get an amended complaint is if it's only a dismissal of the complaint. Right. And the reason, Judge Williams, for why I'm drawing that distinction is Coleman, the Supreme Court's treatment in Coleman, of the distinction between dismissal of an action, which is what 1915G talks about, or without that express dismissal of the whole action, it doesn't qualify as a strike. But the Supreme Court at the end of Coleman, I believe it was, also reserved the question for the future, and I don't believe this court needs to reach it today either, of what happens if, in the very unlikely event that a case is dismissed and qualifies as a strike, and then that issue were to be appealed and reversed and sent back and gets discovery and is ultimately victorious. I believe that that's the issue the Supreme Court's decision in Coleman at the end reserves, if I recall correctly. Can I ask you a factual premise question? So you said, I think, that in Four Star, the complaint, not the complaint in Four Star itself, but the complaint in the action that was deemed not to be a strike, that the complaint specifically invokes supplemental jurisdiction? Your Honor, it's been several months since I read the papers for Four Star. Oh, I thought you said that earlier today. Maybe I misheard you. I believe that the decision in Four Star said it was declining to exercise supplemental jurisdiction. That's what I meant to say. Yeah. I don't recall what the complaint said. Okay. I don't specifically recall, and I'd frankly be surprised if a pro se prisoner complaint expressly pled supplemental jurisdiction. Yeah, which is all the more reason why maybe it makes sense in a situation in which what the district court does substantively is to tell a pro se prisoner, what you're trying to do here is bring a state law claim in federal court. Go to state court to do that. In those situations, that's a Four Star situation. But I think it's not even that hard, Your Honor, because instead of focusing on the complaint, focus on what the district court said. And in Four Star, the district court said, I'm declining supplemental jurisdiction. That's not what happened here. No, but we already established, I think, in the extremely long soliloquy I gave you earlier, that even if the district court doesn't say, I'm declining supplemental jurisdiction, if the district court says, I'm dismissing state law claims so that you can bring them in state court, that's still Four Star. Wouldn't it be? That would be Four Star. And again, in my view, that's not the facts of this case. Right. So then the question just becomes, then that proves that you don't need a district court to say, I'm not exercising supplemental jurisdiction over state law claims. It can still be Four Star if the district court says, I'm dismissing state law claims, and you can bring them in state court. Then the question becomes, is there a huge difference between that, which we have agreed is governed by Four Star, and this, which I agree with you. The district court here didn't say that. But is it a significant leap, and what would it be costing the system or the statute if we were to envelop this within the fold of that hypothetical situation and say that's basically what's going on? What I think it costs the system is, frankly, a lot more microscope examination of prior decisions, which is exactly what PLRA was supposed to avoid. And you mean prior district court decisions? Yes, prior district court decisions. Only in those cases where we're dealing with state law claims, and really what's going on is you should go to state court and bring your state law claims in. I understand, Your Honor, but the decision in Four Star said at the end, well, we recognize that prisoners may try to get around strikes now by including state law causes of action because then the entire action would not be dismissed on the grounds articulated in 1915G. Here, what's happening is even a further step removed from that because, really, I mean, if one wants to, one can take a look at the complaint. He's not pleading a state law cause of action. It's not there. He's pleading a 1983 action with a variety of constitutional claims. That section of Four Star was directed to the government's claim that going in favor of Four Star would open the system to manipulation. Your insistence on the inadequacies of the complaint makes it clear that we don't have an effort at manipulation. We have perhaps an overly generous district court seeing things that you would say aren't there, but the court saw them. You know, what can I say? We may all be exhausted. I think it is imperative to read the district court's decisions carefully, but Thompson teaches that that's the court's exercise. It is to read the court's decision carefully, and I do think, I respect your view, obviously, Judge Williams, but I don't think that it is necessarily the case that reading, for the reasons that Judge Trinivasan was pointing out earlier, that reading the district court decisions here means necessarily that the district court thought that Plaintiff actually had stated a FOIL claim. He thought that Plaintiff had somehow tried to state a 1983 FOIL action, which doesn't exist. And so, you know, and then the district court, probably rightly so, being very familiar with New York state practice, I presume, because, frankly, I'm litigating a different case, a completely unrelated kind of action here in this court, and there is a separate New York state action pending in state court there. And the private defendant in that action tried to use the district court's decision here as an argument for race judicata against a very sophisticated defendant, or a plaintiff as well, who has excellent counsel, and the district court bought it. And it had to go up to the New York Court of Appeals to get reversed in order to come back, in order to give that man his day in court in the state court system. And so, you know, a very overtaxed state court system may grasp onto an actually irrelevant district court, federal district court decision, but think that that's a convenient way to loosen, to winnow its docket. And so I understand, I think, what the judge in Syracuse was doing, but the complaint just, it's not there. And I don't think this court needs to read the district court's decisions as stating that it's necessarily there. But I don't want to belabor the point. Obviously, the court can make the decisions for itself. Yeah, of course, it's interesting, because at some point, everything, some things do turn on the way the district court chooses to style it, because the district court, I think, could say, one thing we know for sure is you can't bring a state law cause of action in federal court. That's frivolous. The district court says that. Everybody agrees it's a strike because it's frivolous. So it kind of, you have to unnecessarily look back to see, you know, how exactly the district court meant to reason its way through its disposition. Right. I mean, let me see if there's anything else that is worth still saying. Well, the question that I had was that the district court in its June order seemed to say two things. One, that we could construe this as a state law FOIL claim. But two, that would be futile because you have to exhaust administrative remedies and bring that in state court. And so that belongs in state court. And so this doesn't appear to be a case where the court said, hey, there might be a state law claim here. I'm going to give you leave to amend and give you a try, you know, allow you to attempt to plead that claim and have me exercise supplemental jurisdiction over it. The court explicitly said, it looks like there's a state law claim here, but it doesn't belong in this court and don't try to bring it in this court. So how can you fault the plaintiff for, in his amended complaint, not, you know, pleading a state law FOIL claim and saying, you know, I want you to exercise supplemental jurisdiction over it? I'm not trying to fault him for doing so. Certainly, you know, and it's been some months since I did so, but I did what I could. I'm not an expert at New York electronic filing, but I looked to see, such as I could, whether or not he had ever brought such an action in state court, and I couldn't find it. No, I'm not faulting him for not bringing that action. But I'm saying, had he done so, then this case would more squarely fall within the four corners, a four-star. And the fact that that didn't happen here, and he stuck by his view that somehow 1983 can hinge upon a FOIL violation, was just wrong and doesn't state a claim. And that's all the district court was actually, in my view, saying. What's wrong with a rule from this court saying that, you know, if there are two reasonable interpretations of the district court's order, one that would constitute a strike and one that doesn't, then we shouldn't hold it to be a strike because, you know, how would the plaintiff, if we can't figure it out, then how would the plaintiff, especially a pro se plaintiff, figure it out? And under those circumstances, it just shouldn't be a strike. There should be clarity. We have a clarity rule. We're all grasping for clarity. I know we've been here for a long time because we would love it. But it is the rule properly, I believe, that prisoners do not have an affirmative obligation to plead that they don't have three strikes. So it's not that that lack of clarity is disadvantaging the prisoner. The prisoner can go ahead and file his complaint, and then it is upon the courts and the defendants to recognize whether or not that, in fact, was a strike. So it's not disadvantaging the prisoner in that sense. It's not an additional burden on the court or upon the prisoner. It either was or was not a strike. That's what you're saying. I mean the prisoner is going to be hit with the three strikes concept, which would bar him, bar him from getting his proceeding in the form of forfeits. Whether he has to affirmatively say my previous litigation did not add up to three strikes or not, I don't see how a rule that, let's take the opposite of the rule that Judge Wilkins suggested. If in doubt, we'll call it a strike. I don't see how you can say that doesn't, relatively to the other state of the world, constitute a burden on the pro se plaintiff. Thompson already examined the shifting burdens for establishing a strike. It's the role of the defendant and then also to the extent it can do so, the court itself, of determining at the outset whether or not there are three potential strikes and then the prisoner has the opportunity to respond. And then the court will decide. But either way, I don't think we're talking about a presumption, putting a thumb on the scale one way or the other. But I also don't think that there should be a rule that when in doubt, say it ain't a strike. To the contrary, the Supreme Court twice, just in the last three years, two years, in Coleman and in Reed, has really, really pushed back against attempts to punch holes in the PLRA. And obviously this is a ripe circuit split. I don't know which case will go up, but at some point I believe it will go up. And since the Fourth Circuit issued its decision, the Eighth Circuit has looked at its reasoning and said, no, the text on the page means what the text on the page says. And so it wouldn't be a circuit split on the Fourth Circuit. Right. I'm not aware of whether there is a circuit split on that. Thank you. Let me just look at my notes, if I may, for one second. I just want to. Thank you. I would ask that the decision to permit Mr. Lidares to proceed IFP for the motion to be denied. Thank you. Ms. Murphy-Johnson, we'll give you three minutes. I'm not going to take that much of the court's time. You've been so patient already this morning. I was just going to say that in this case, Mr. Lidares' complaint is no one has found it to be abusive. No one's found it to be frivolous. And I think that a rule articulated by Judge Wilkins and the opposite rule by Judge Williams, in a case like this could be appropriate, that when in doubt, when things are so ambiguous, what the Northern District of New York, we can't really make heads or tails of it one way or the other, when in doubt, not a strike, especially in the context of a pro se litigant. I mean, lawyers who are trained for decades often file claims in the wrong court. I think it happens probably every day. And so especially in a case that's not facially abusive, I would propose that this court decline to hold that the Northern District of New York's decision constitutes a strike. And the court thanks you for your assistance.
judges: Srinivasan, Wilkins, Williams